ROCCO NAPLES, PLAINTIFF, v. STACY-TRENT GARAGE, DEFENDANT.

Submitted October term, 1930—Decided June 24, 1931.

For the rule, *William Abbotts, Jr.*

*Contra, Harry Heher.*

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

PER CURIAM.

In this case there was a verdict for the plaintiff in the sum of $8,000 awarded for personal injuries received in a collision between a truck driven by the plaintiff and a truck of the defendant.

The defendant has a rule for new trial and the reasons urged for making the rule absolute are that the damages awarded are excessive in amount, and that there was error in the refusal to charge certain of the defendant's requests for instruction to the jury.

At the time of the accident plaintiff was sixty years of age, employed in selling and delivering bottled soft drinks. The injuries received were to the back, hip and knee. There was marked pain which in lesser degree still existed at the time of the trial. Since the accident he has been obliged to wear a brace around the body. He has been incapacitated for the employment in which he had been previously engaged, that of handling heavy packages. While before the accident he had been earning from $25 to $40 per week, since the acci-

dent he has been employed part of the time as a watchman at greatly lessened compensation.

It was contended by the defendant that the present condition is due to arthritis and that this was of long standing. That the disease existed was not seriously disputed, but that it was troublesome and disabling was denied. At all events it clearly appeared that before the accident plaintiff was in apparent good health, performing laborious work without difficulty, and that after the accident he was unable to do the same or similar work.

Under the proofs we cannot say that the damages awarded are excessive. Our examination of the requests for instructions and the charge of the court discloses that in so far as the requests were sound presentations of the law they were properly and adequately dealt with in the general charge to the jury.

The rule is discharged.